United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENIA SARAHI CHINCHILLA PINEDA,<br>Petitioner, | § § § § § | CIVIL ACTION NUMBER<br>4:26-cv-04637 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*,<br>Respondents. | § § § | |

## ORDER ON DISMISSAL

Petitioner Kenia Sarahi Chinchilla Pineda filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 11, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b)(2)(A), after having been previously released into the country as an unaccompanied minor, violates the Due Process Clause of the Fifth Amendment. See id at ¶¶30, 47–68.

Petitioner previously filed a petition challenging her detention on due process grounds and as in violation of the Immigration and Nationality Act. The undersigned dismissed that petition with prejudice as foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See 4:26-cv-02506 (SD Tex, Apr 27, 2026).

Petitioner attaches to her current petition a document dated October 7, 2024, which indicates approval of her self-petition to apply for benefits under the Violence Against Women Act. See Dkt 1-4 at 2. She states that this approval enabled her to apply for adjustment of status but that her application for such was denied. Dkt 1 at ¶3. She has

appealed that denial, which remains pending. Ibid; see also Dkt 1-5 at 2.

Petitioner also references an order out of the Central District of California purportedly certifying a nationwide class of VAWA self-petitioners and staying new policies by the Government as to enforcement of immigration laws against these petitioners and others. Dkt 1 at ¶2, citing *Immigration Center for Women and Children v Noem*, 2026 WL 1455004 (CD Cal); see also Dkt 9 at 5–14 (reply).

The Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Dkt 5 at 2. Pending is a motion by the Government for summary judgment. Dkt 8. It maintains that Petitioner's detention under §1225(b)(2)(A) is mandatory and doesn't violate due process. Id at 3–10. Attached to the motion is Petitioner's original notice to appear stating that she "has not been admitted or paroled" into the United States. Dkt 8-1 at 1.

The Government also later supplemented its motion to specifically address the class action in *ICWC*, arguing that the decision isn't binding and doesn't otherwise compel Petitioner's release. Dkt 10 at 1–5. Petitioner filed a motion to strike the supplement. Dkt 12. She also filed a surreply. Dkt 14; see also Dkt 11 (order allowing surreply). She there concedes that *ICWC* doesn't itself mandate her release from custody, but argues that the decision reinstates application of certain ICE policies implemented by prior Administrations to individuals who, like her, have an approved VAWA self-petition, which in turn mandates her release. See Dkt 14 at 3–5. She also maintains that *ICWC* is binding on the Government in the present context notwithstanding her detention outside the jurisdiction of the Central District of California. Id at 5–8.

The parties have also subsequently stated their positions with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*, 180 F4th 702 (5th Cir 2026). See Dkts 15 & 16.

*As to the motion by Petitioner to strike the supplement by the Government,* prior order addressed the supplement in question and afforded Petitioner an opportunity to surreply. Dkt 11; see also Dkt 14 (surreply). It is thus fair and appropriate to address and consider the arguments on the merits. The motion to strike will thus be denied. Dkt 12.

*As to abuse of the writ,* a prior petition by Petitioner raised claims that her detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. 4:26-cv-02506 (SD Tex), Dkt 1 at ¶¶40–65. Petitioner acknowledges that the undersigned dismissed that petition. Dkt 1 at ¶24. She argues that the present action doesn't constitute an abuse of the writ because the *ICWC* order out of the Central District of California hadn't yet entered at the time the prior petition was filed. See id at ¶¶25–26. That is true as a matter of timing, but it doesn't mean that the present petition doesn't constitute an abuse of the writ.

The Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the claim in the previous petition." Ibid, citing *McCleskey v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McCleskey*, 499 US at 493–94 (citations omitted). Attorney error short of

3

ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. A court needn't consider *prejudice* where a petitioner fails to show cause. Id at 118.

Petitioner cannot meet these standards. She identifies no external factor at the time she filed her prior petition that prevented her from advancing the theories on which she now seeks to rely. She does stated that the order in *ICWC* hadn't yet issued. See Dkt 1 at ¶¶26–27. But nothing about Petitioner's own circumstances, or the law applicable to those circumstances, has changed since the filing of her first petition, which cited the same VAWA self-petition upon which her current petition now relies. See 4:26-cv-02506 (SD Tex), Dkt 1 at ¶42. The relief she purports to request as somehow being now compelled by the *ICWC* order is in actuality affirmative legal relief that she could have articulated, and was required to seek, in the first instance.

As such, Petitioner fails to show cause for her failure to raise this argument in her prior petition. This means in turn that her pending petition is successive and will be dismissed as an abuse of the writ.

*As to the asserted merits,* they will be considered only to the extent Petitioner's argument might suggest that the *ICWC* order reflects a change in controlling law. It simply does not. Indeed, the relief afforded in the *ICWC* order is preliminary and, as such, isn't entitled to preclusive effect. See *Rauda Choto v Ladwig*, 2026 WL 1652576, *1–2 (WD La) (holding that *ICWC* order doesn't establish entitlement to emergency injunctive relief).

Beyond that, the Supreme Court observes that 8 USC §1252(f)(1) "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out" provisions of the INA including §1225, except as to *individual* petitioners. *Garland v Aleman Gonzalez*, 596 US 543, 550 (2022). To the extent that Petitioner argues that the stay out of the Central District of California itself

restrains the operation of §1225(b)(2)(A) as to all putative class members, such relief would run afoul of this limitation.

Argument by Petitioner as to any nationwide application of the *ICWC* order would also appear to violate the "general rule that for core *habeas* petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v Padilla*, 542 US 426, 443 (2004). It isn't clear that the issuing court even intended the *ICWC* order to apply directly in *habeas* matters such as this, which are pending across the country. And notably, to the contrary, the Ninth Circuit has recently stayed a different order issuing out of the Central District of California in a related context that in fact purported to extend relief to a nationwide class of *habeas* petitioners upon determination that such order likely exceeded the district court's jurisdiction. See *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17. Like reasoning applies here.

The order in *ICWC* thus provides no independent grounds to restrain the Government's enforcement of §1225 as to Petitioner. Beyond this, the undersigned has previously determined that the pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson*, 2026 WL 2000097, *2–4 (SD Tex); see also *Ramirez Castellano v Strong*, 2026 WL 2225137, *11–12 (ND Tex, Hendrix, J) (holding to same effect).

To the extent that Petitioner's current arguments address substantive due process, it is noted that the parties have also stated their positions as to *Sosnava Rodriguez.* See Dkts 15 & 16. On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See 180 F4th 702. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals

under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at 727–28. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

With respect to assertions of procedural due process, Petitioner argues that the panel opinion in *Sosnava Rodriguez* remains persuasive authority, notwithstanding its subsequent vacatur pending rehearing *en banc*. See Dkt 16 at 2–4. Until the Fifth Circuit speaks definitively on this point, however, the undersigned maintains prior determination that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A). See *Penafiel Clavijo v Thompson,* 2026 WL 923310, *2–4 (SD Tex).

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

\* \* \*

The motion by Petitioner Kenia Sarahi Chinchilla Pineda to strike the supplement by the Government is DENIED. Dkt 12.

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner is DENIED. Dkt 1.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

6

SO ORDERED.

Signed on August 6, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge